## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JO L. LAWSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 05-2402-KHV |
| ) | |
| JOHN POTTER, Postmaster General Of ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

Jo L. Lawson filed suit against her employer, John E. Potter, Postmaster General of the United States Postal Service ("USPS"). Plaintiff alleges that the USPS discriminated because of sex and retaliated for protected activity, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. On December 4, 2006, the Court sustained defendant's motion for summary judgment. See Memorandum And Order (Doc. #45). This matter is before the Court on plaintiff's Motion For Reconsideration Of Order Granting Defendant's [Motion For] Summary Judgment Dated December 4, 2006 (Doc. #47) filed December 15, 2006. For reasons stated below, the Court overrules plaintiff's motion.

### Standards For Motion To Reconsider

The Court has discretion whether to grant or deny a motion to reconsider. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W.

Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

## **Analysis**

Plaintiff argues that the Court should reconsider its order on defendant's motion for summary judgment because (1) the Court did not consider the plain meaning of defendant's own official computer print-outs which show that male employees work unauthorized overtime; and (2) the Court should have excluded Janice Rake's "self-serving" declaration that "unauthorized" overtime by male employees was actually authorized or defendant determined such use of overtime to be sporadic and insignificant. At least in part, plaintiff's motion to reconsider challenges the Court's ruling on three of the six alleged adverse actions: (1) plaintiff's letter of warning on November 8, 2001, (2) plaintiff's notice of termination on July 31, 2003, and (3) plaintiff's notice of termination on November 20, 2004.

**I.      Letter Of Warning On November 8, 2001**

Defendant asserts that it gave plaintiff a letter of warning on November 8, 2001 because on October 22, 2001, she had failed to follow instructions and caused unauthorized use of overtime. The Court held that plaintiff's computer print-outs, which purportedly showed instances where male employees worked unauthorized overtime, would not lead a reasonable jury to find that defendant's stated reason for plaintiff's letter of warning is unworthy of credence. See Memorandum And Order (Doc. #45) at 20-21.

Plaintiff first argues that the Court did not consider the plain meaning of defendant's official computer print-outs which showed that male employees work unauthorized overtime. Initially, the Court notes that plaintiff did not submit any evidence, by deposition, affidavit or otherwise, to explain how to interpret

2

defendant's computer print-outs or the notations on them. For example, the print-outs do not explain (1) who made the notations; (2) when the notations were made; (3) how much overtime was "not authorized;" (4) whether management had actually authorized overtime but failed to note that fact in the computer system; or (5) whether management determined that the overtime was insignificant.

Plaintiff argues that the computer print-outs reflect that male letter carries, including Jim Ferris, "repeatedly worked unauthorized overtime" and "were not sanctioned for continuing to commit the exact same violation that brought a letter of warning and subsequent discipline to plaintiff." Plaintiff's Motion To Reconsider (Doc. #47) at 2. In her response to defendant's motion for summary judgment, plaintiff argued that defendant's stated reason for her letter of warning on November 8, 2001 is false because on October 22, 2001, when she worked 48 minutes of unauthorized overtime, Ferris worked 12½ minutes of unauthorized overtime and did not receive discipline. In support, plaintiff referred to a document titled "Clockring Detail Report For 10/22/01," which reflects that plaintiff worked 8.80 hours with "OT not authorized" and that Ferris worked 8.21 hours with "OT authorized." See Attachment 5 to Plaintiff's Response (Doc. #43). As the Court explained in its prior order, plaintiff ignores the facts that (1) the computer print-outs actually show that the Ferris overtime was authorized and (2) in any event, management viewed sporadic use of overtime (between five and 15 minutes) to be insignificant.[1] More importantly, plaintiff has presented no evidence that Ferris or other male employees committed the "exact same violation" as plaintiff – who worked unauthorized overtime

---

[1] Plaintiff has offered no evidence that (1) defendant disciplined her for sporadic use of overtime (between five and 15 minutes) or (2) management considered sporadic use of such overtime to be insignificant.

3

*because of her failure to follow instructions.*[2]

In ruling in favor of defendant as to plaintiff's letter of warning on November 8, 2001, the Court also relied on a supplemental declaration by Rake, who stated that (1) management often fails to timely enter the overtime authorization code, so overtime may appear to be unauthorized when it is actually authorized; and (2) she reviewed each instance where Ferris worked overtime and found that management had either (a) authorized the overtime in advance but failed to timely enter the authorization code, (b) retroactively authorized the overtime based on discussion with Ferris and review of his daily workload, or (c) determined that the use of overtime was sporadic and insignificant (less than 15 minutes). See Supplemental Declaration Of Janice M. Rake ¶ 11, Attachment 1 to Defendant's Reply (Doc. #44). Plaintiff argues that the Court should have excluded Rake's declaration as "self-serving."

Initially, the Court notes that plaintiff did not seek leave to file a sur-reply to challenge the sufficiency

---

[2] Plaintiff also maintains that Ferris worked unauthorized overtime on seven other occasions without discipline. The computer print-outs reflect that Ferris worked overtime that was "not authorized." As explained above, however, they do not reflect other important details such as the amount of unauthorized overtime and whether management had actually authorized overtime but failed to note that fact in the computer system. Moreover, plaintiff did not show that Ferris used overtime because of failure to follow instructions.

Plaintiff also produced computer print-outs which reflect that two other male employees worked overtime that was "not authorized." See Attachments 2 and 3 to Plaintiff's Response (Doc. #43). These documents suffer the same deficiencies as those submitted in connection with Ferris. In addition, one of the employees, Richard Brown, was a supervisor during part of the relevant time. Finally, plaintiff has not shown that Brown and the other employee used overtime because of failure to follow instructions.

In response to defendant's motion for summary judgment, plaintiff also referred to her declaration which states that "[w]hen men worked unauthorized overtime, Janice Rake as a matter of course, retroactively authorized any overtime incurred by male letter carriers and did not issue discipline as she did with Tandy Ross and me." Plaintiff's Declaration ¶ 10. As the Court noted in its prior order, plaintiff has not specified the amount of overtime used by male letter carriers or whether such overtime resulted from a failure to follow a supervisor's instructions. See Memorandum And Order (Doc. #45) at 21 n.12. Plaintiff does not directly challenge the Court's ruling that her declaration was insufficient in this regard.

4

of Rake's supplemental declaration.[3]  In addition, as to plaintiff's letter of warning on November 8, 2001, the Court's reliance on Rake's affidavit was immaterial because the print-outs produced by plaintiff did not raise a genuine issue of material fact whether defendant's stated reason was a pretext for sex discrimination.  See Memorandum And Order (Doc. #45) at 21 (stated reason for discipline was "failure to follow instructions, *resulting* in unauthorized overtime") (quoting Exhibit 1 to Rake Declaration, Attachment 1 to Defendant's Memorandum (Doc. #41) (emphasis added)).  Finally, Rake's affidavit was based on specific concrete facts within her knowledge as Postmaster at the Ottawa post office.  See Fanslow v. Chicago Mfg. Ctr., Inc., 384 F.3d 469, 483 (7th Cir. 2004) (plaintiff cannot defeat summary judgment by submitting self-serving affidavit that contains bald assertion of general truth of particular matter, but must cite "specific concrete facts" establishing existence of truth of matter asserted).

In sum, plaintiff has not presented sufficient grounds for the Court to reconsider the order of December 4, 2006 as to plaintiff's letter of warning on November 8, 2001.

## II.     Notice Of Termination On July 31, 2003

Defendant asserts that it terminated plaintiff's employment on July 31, 2003 because (1) she engaged in unacceptable conduct and did not follow Stabler's instructions on July 1, 2003; and (2) she did not follow Stabler's instructions and had unacceptable performance (unauthorized overtime) on July 5, 9, 14, 21, 25 and 28, 2003.  See Notice Of Removal, attached as Exhibit 8 to Defendant's Memorandum In Support (Doc. #41) filed September 19, 2006.  In her motion to reconsider, plaintiff does not dispute the fact that her notice of termination on July 31, 2003 was based only in part on her unauthorized use of overtime.  As explained in the

---

[3]     Defendant included Rake's supplemental declaration with its reply filed on October 16, 2006. The Court did not rule on defendant's motion for summary judgment until December 4, 2006.

Court's prior order, because defendant has offered multiple non-discriminatory reasons for its action, plaintiff generally must proffer evidence to show that each of defendant's justifications are pretextual. See Tyler v. RE/MAX Mtn. States, Inc., 232 F.3d 808, 814 (10th Cir. 2000).[4]

In her motion to reconsider, plaintiff does not challenge the Court's ruling that she admitted that she did not follow instructions and was loud and confrontational with Stabler on July 1, 2003. Defendant's first stated reason therefore is not pretextual. As to defendant's second stated reason, i.e. plaintiff's failure to follow instructions and unacceptable performance (unauthorized overtime) on July 5, 9, 14, 21, 25 and 28, plaintiff again relies on the computer print-outs which reflect that other male employees worked overtime that was "not authorized."[5] At least as to the unauthorized overtime on July 5, 9 and 14, plaintiff does not dispute that she failed to follow a supervisor's specific instruction each day to curtail sufficient mail so that she could complete her assignment within eight hours. See Notice of Removal at 1-2, attached as Exhibit 8 to Defendant's Memorandum in Support (Doc. #41). As to the unauthorized overtime on July 21, 25 and 28, the notice of

---

[4] The Tenth Circuit recognizes that "when the plaintiff casts substantial doubt on many of the employer's multiple reasons, the jury could reasonably find the employer lacks credibility." Id. In such circumstances, the jury need not believe the employer's remaining reasons. See id. An employee is relieved of the obligation of proving that each stated reason is pretextual only where "the multiple grounds offered by the defendant . . . are so intertwined, or the pretextual character of one of them so fishy and suspicious, that the plaintiff may [prevail]." Id. (quoting Wilson v. AM Gen. Corp., 167 F.3d 1114, 1120 (7th Cir. 1999)) (further citation omitted). Plaintiff has not satisfied this standard.

[5] In her original response to defendant's motion, plaintiff argued that defendant's second stated reason is unworthy of credence because the NALC union does not recognize the DOIS measurement tool for determining the time required for a carrier to complete a route and – in her opinion – the DOIS tool was not effective. Plaintiff, however, offered no evidence that USPS management did not recognize the DOIS measurement tool or applied it differently to male and female letter carriers. Accordingly, the Court held that plaintiff's evidence was insufficient to cause a reasonable jury to find that defendant's stated reasons for the termination of her employment on July 31, 2003 are unworthy of credence. See Memorandum And Order (Doc. #45) at 25.

removal does not reflect that a supervisor specifically told plaintiff to curtail mail on those days, but plaintiff was certainly on notice of her need to do so based on the three incidents earlier that month. See id. at 2-3. Even if the Court assumes that plaintiff's computer print-outs show that male employees worked unauthorized overtime without discipline, plaintiff has not presented evidence that these male employees did so after a supervisor specifically instructed them to curtail mail to complete their shift within eight hours. In any event, to the extent that plaintiff has presented sufficient evidence to suggest that a portion of defendant's second stated reason is unworthy of credence, plaintiff has not shown that the two stated reasons for her termination on July 31, 2003 are significantly intertwined or that the potential pretextual character of defendant's explanation related to the unauthorized overtime is particularly fishy and suspicious. Accordingly, no reasonable jury could find that all of defendant's stated reasons for the termination of plaintiff's employment on July 31, 2003 are a pretext for gender discrimination. See Tyler, 232 F.3d at 814. Therefore, the Court overrules plaintiff's motion to reconsider on this issue.

### III.     Notice of Termination On November 20, 2004

Plaintiff claims that defendant terminated her employment on November 20, 2004 because of gender and/or because she had filed this lawsuit alleging sex discrimination. Defendant asserts that it terminated plaintiff's employment because (1) on October 22, 2004, plaintiff left a postal vehicle unsecured; (2) on November 17, 2004, plaintiff refused to respond verbally to Brown, a supervisor, about her performance; (3) on November 8 and 15, 2004, plaintiff worked unauthorized overtime; and (4) on November 16, 2004, plaintiff pulled down only one cell of mail at a time even though her mail volume did not justify doing so. In her motion to reconsider, plaintiff only challenges the third stated reason as pretextual. In particular, plaintiff relies on the computer print-outs which reflect that other male employees worked overtime that was "not authorized."

7

As explained above, even if the Court found in favor of plaintiff on this issue, plaintiff, at most, has shown that one of defendant's stated reasons may be false. Because defendant's four stated reasons for terminating plaintiff's employment on November 20, 2004 are not significantly intertwined and the potential pretextual character of defendant's explanation related to the unauthorized overtime is not particularly fishy and suspicious, no reasonable jury could find from this incident that all of defendant's stated reasons for the termination of plaintiff's employment on November 20, 2004 are a pretext for gender discrimination. See Tyler, 232 F.3d at 814. The Court overrules plaintiff's motion to reconsider on this issue.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Reconsideration Of Order Granting Defendant's [Motion For] Summary Judgment Dated December 4, 2006 (Doc. #47) filed December 15, 2006 be and hereby is **OVERRULED**.

Dated this 22nd day of January, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

8